# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY JONES,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 14-5644** |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of** | : | |
| **Social Security,** | : | |
| **Defendant** | : | |

## O R D E R

**AND NOW,** this 15th day of June, 2015, upon consideration of the

plaintiff's request for review (Document #11), and the defendant's response thereto

(Document #12), and after careful review of the thorough and well-reasoned Report and

Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS HEREBY

ORDERED that:

      1.     Upon *de novo* review, the plaintiff's Objections are OVERRULED.[1]

---

[1] I must agree with the defendant that the plaintiff's objections are essentially a re-argument of the issues asserted in his initial brief. Nevertheless, upon *de novo* review, I make the following findings: Judge Hart properly found that the ALJ's evaluation of Mr. Jones's obesity in determining his residual functional capacity was supported by substantial evidence. In fact, the ALJ's determination of the residual functional capacity was more restrictive than the opinion of the consultative examiner. I also find that Judge Hart properly found that substantial evidence supported the ALJ's evaluation of the opinions of Dr. Knight and Dr. Jacobs. The ALJ assigned limited weight to these opinions because they conflicted with the objective medical findings and with Mr. Jones's activities of daily living. Next, I find that Judge Hart properly deferred to the ALJ's credibility finding that the testimony of Mr. Jones was not entirely credible. The record as a whole, including normal diagnostic findings, fails to establish a finding that Mr. Jones experiences *disabling* pain. That is not to say that the ALJ found that Mr. Jones did not experience *some* pain. The ALJ's residual functional capacity shows that the ALJ partially credited Mr. Jones's complaints of pain. It is as inappropriate for the court to second-guess an ALJ's credibility determination as it is for the court to re-weigh evidence and reach a different conclusion from the ALJ. Finally, I find that Judge Hart properly found no conflict between the

2. The plaintiff's request for review is DENIED.

3. Judgment is entered on behalf of the defendant and against the plaintiff.

The Clerk of Court is directed to mark this case CLOSED for all purposes.

BY THE COURT:


 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

---

testimony of the vocational expert and the DOT. As the judge explained, ample legal authority exists for the proposition that there is no *per se* conflict between a reasoning level of 3 and the limitation to perform routine, repetitive work. Accordingly, I will approve and adopt the Report and Recommendation.